**SHOOK, HARDY & BACON L.L.P.**
Amir M. Nassihi (SBN 235936)
anassihi@shb.com
Thedore G. Lee (SBN 340700)
tlee@shb.com
555 Mission Street Suite 2300
San Francisco, California 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

Jimmy Y. Park (SBN 228290)
jpark@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel: (424) 285-8330 | Fax: (424) 204-9093

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE KANE, an individual; and CHELSEY KANE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a corporation; ALTEC INC., a corporation; and DOES 1-100,<br><br>Defendants. | Case No. 2:26-at-00566<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**<br><br>[Filed concurrently with Declaration of Theodore G. Lee; Civil Case Cover Sheet]<br><br>Stanislaus County Superior Court Case No. CV-26-001512<br><br>Action Filed: February 13, 2026 |

1

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant Ford Motor Company removes to this Court, pursuant to 28 U.S.C. sections 1332, 1441, and 1446, the claims pending as Case No. CV-26-001512 in the Superior Court of California, County of Stanislaus. In support of its Notice of Removal, Ford states as follows:

## I.    NATURE OF THE REMOVED CASE

1.    Plaintiffs Kyle Kane and Chelsey Kane filed this civil action against Ford on February 13, 2026, in the Superior Court of California, County of Stanislaus, entitled *Kyle Kane and Chelsey Kane v. Ford Motor Company, Altec Inc., and Does 1-100*, Case No. CV-26-001512. A true and correct copy of the Summons, Complaint, and Civil Case Cover Sheet served upon Ford is attached as **Exhibit A** to the Declaration of Theodore G. Lee ("Lee Decl.") filed in support.

2.    On March 30, 2026, Ford filed an Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as **Exhibit B** to the Lee Decl.

3.    Pursuant to 28 U.S.C. section 1446(a), Exhibits A and B constitute "a copy of all process, pleadings, and orders served upon" Ford.

4.    Plaintiffs assert four causes of action against Ford (count one – strict product liability; count two – negligent product liability; count three – breach of warranty; count four – loss of consortium). *See* Lee Decl., Ex. A, ¶¶ 8-30. Ford denies these allegations.

5.    Ford, through counsel, conducted an investigation and determined that Plaintiffs' citizenship and the reasonable, nonspeculative estimation of the amount in controversy placed at issue through Plaintiffs' allegations plausibly give rise to subject matter jurisdiction under diversity jurisdiction.

6.    Plaintiffs' Complaint is indeterminate as the jurisdictional facts and therefore, Ford's duty to remove under 28 U.S.C. 1446(b) has not been triggered. *See, Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 691 (9th Cir. 2005).

NOTICE OF REMOVAL

Notwithstanding, Ford removes now, within 30 days of service of the complaint, based on its own investigation.

## II. FORD SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

7. This removal is timely. Generally, a defendant has 30 days from the date of the service of a copy of the original pleading to remove a case. *See* 28 U.S.C. § 1446(b).

8. Ford was served with a copy of the Complaint on March 3, 2026. This Notice of Removal is therefore timely filed.

9. The United States District Court for the Eastern District of California is the proper venue for removal under 28 U.S.C. section 1446(a) because it is "the district and division embracing the place where such action is pending," namely, Stanislaus County.

10. Pursuant to 28 U.S.C. section 1446(d), written notice of this removal will be filed with the Clerk of the Stanislaus County Superior Court, and Ford will serve a copy of this Notice of Removal on all parties to the state action.

11. Ford does not waive any defenses, including without limitation, any defenses pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6) and 12(b)(7).

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

12. This Court has subject matter jurisdiction under 28 U.S.C. section 1332(a) because this is a civil action in which the amount-in-controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and is between citizens of difference states.

### A. Diversity of Citizenship Exists Between the Parties.

13. Removal under 28 U.S.C. section 1441(b) is appropriate in this matter because complete diversity of citizenship exists between Plaintiffs and Ford. *See* 28

U.S.C. § 1332(c)(1).

14. On information and belief, Plaintiffs were and are at the time of the filing of the Complaint citizens of California, as they reside in the County of Merced, State of California. *See* Lee Decl. Ex. A, ¶ 3. For purposes of removal based on diversity of citizenship, Plaintiffs' state of residence is presumptively considered to be their state of citizenship. *See Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary."); *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951).

15. Ford is now and was at the time Plaintiffs commenced this action, a Delaware corporation, having its principal place of business in Michigan and, thus, for jurisdictional purposes, is a citizen of Delaware and Michigan. *See* Lee Decl., ¶ 9; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

16. Upon information and belief, Defendant Altec Inc. is a duly incorporated company that has a headquartered address in 210 Inverness Center Drive, Birmingham, Alabama, 35242. Defendant Altec Inc. is therefore a citizen of Alabama. *See* Lee Decl. ¶ 6, Ex. C; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

17. This Court therefore has original jurisdiction of this action under 28 U.S.C. section 1332 because the Defendant Ford is a citizen of Delaware and Michigan, Defendant Altec Inc. is a citizen of Alabama, and Plaintiffs are citizens of California.

18. The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Emrich v. Touche*

NOTICE OF REMOVAL

*Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (Doe defendants need not join in removal). Thus, the existence of Does 1 through 100, inclusive, or unnamed retail defendants should be disregarded and does not deprive this Court of jurisdiction.

**B.    The Amount-in-Controversy Requirement is Satisfied.**

19.    For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

20.    While Ford denies any liability as to Plaintiffs' claims, the amount in controversy requirement is satisfied because it is more likely than not that the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00 based on the allegations, claims, and prayer for relief set forth in Plaintiffs' Complaint.

21.    Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegations regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

22.    For purposes of determining the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

5

NOTICE OF REMOVAL

23. Ford disputes that it is liable to Plaintiffs for any damages. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is met. *Id*.

24. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

25. Here, although the Complaint does not expressly state the specific amount in controversy, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard based on the allegations in Plaintiffs' Complaint and the outcomes of similar cases. *See Guglielmino*, 506 F.3d at 699.

26. It is facially apparent from the Complaint that the amount in controversy exceeds $75,000. Plaintiffs allege claims for strict products liability, negligent product liability, breach of warranty, and loss of consortium. *See generally* Lee Decl., Ex. A.

27. Plaintiffs alleged that on or about February 18, 2024, Plaintiff Kyle Kane "drove a 2019 Ford F-550 bucket truck bearing VIN No. 1FDUF5HT7KEC92162 . . . . When Plaintiff [Kyle Kane] was in front of the SUBJECT TRUCK and engaged in untying the rope, the SUBJECT TRUCK unexpected moved forward . . . [and] rolled ahead without warning into the space

6

NOTICE OF REMOVAL

where Plaintiff [Kyle Kane] was standing and pinned and crushed Plaintiff [Kyle Kane] against the gate, trapping him and preventing him from freeing himself." Lee Decl., Ex. A, ¶ 6. Plaintiffs further alleged that because of the defects in the 2019 Ford F-550 at issue, Plaintiff Kyle Kane "suffered serious and permanent injuries to his person, including injury to his nervous system and emotional well-being, resulting in great physical, mental, and emotional pain and suffering, all of which have caused him damages and will continue to cause him damages in the future . . . ." *Id.*, ¶ 14. Plaintiffs also alleged Plaintiff Chelsey Kane "has suffered and will continue to suffer loss of consortium and other collateral damages derivative from the injuries sustained to Plaintiff KYLE KANE, including, but not limited to, the loss of love, care, companionship, comfort, household services, marital relations, society, solace, affection instruction, assistance, advice, training, guidance, protection, counsel, and support . . . ." *Id.*, ¶ 30.

28.   Based on these alleged harms, Plaintiffs requested general and special damages, loss of income, earnings, and impaired future earning capacity, medical expenses, property damage, prejudgment interest, and costs. *See* Lee Decl., Ex. A, at 17 (Prayer for Relief).

29.   An action may be removed if a defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F. 3d 696, 699 (9th Cir. 2007). To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, a defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996). Plausible allegations alone may be sufficient; evidence is required only if the plaintiff contests, or the court questions, the plausibility of the defendant's allegations. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89, 95 (2014); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). If the defendant's allegations are

NOTICE OF REMOVAL

challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 574 U.S. at 87–88.

30.    For purposes of determining the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

31.    A defendant's showing may rely on reasonable assumptions when estimating the amount in controversy. *Arias,* 936 F.3d at 922. It does not "need to prove to a legal certainty that the amount in controversy requirement has been met." *Dart Cherokee Basin*, 574 U.S. at 88–89 (citing H.R. Rep. No. 112-10 at p. 16 (2011)). The standard is preponderance of the evidence. Where a defendant shows that damages would exceed the threshold, "it then becomes plaintiff's burden to show, as a matter of law, that it is certain he will not recover the jurisdictional amount." *Canesco v. Ford Motor Co.*, No. 3:21-cv-00425-BEN, 2021 WL 5122231, at *7 (S.D. Cal. Nov. 4, 2021) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993*, 1001 (C.D. Cal. 2002)).

32.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

33.    "If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties." *Simmons*, 209

F. Supp. 2d at 1031. The Court may also consider "jury verdicts in similar cases," so long as such cases are "factually identical or, at a minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank, N.A*., 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

34.     Courts across the country have routinely held that cases involving serious physical injuries, such as those at issue here, satisfy the amount in controversy requirement. *See, e.g., Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL 707291, *2 (E.D. Cal. Mar. 17, 2006) (amount-in-controversy requirement satisfied where plaintiffs sought compensatory damages for wage loss, hospital and medical expenses, general damage, property damage, and loss of earning capacity, and alleged "severe [injuries]," including head trauma, a broken right arm, a broken wrist and a deep laceration to the lower left leg); *Bailey v. J.B. Hunt Transp., Inc*., No. 06-240, 2007 WL 764286, *6 (E.D. Pa. Mar. 8, 2007) (amount-in-controversy requirement satisfied where complaint alleged a "litany of serious, permanent injuries," "surgeries and treatments," and "the allegedly permanent impairment of [the] ability to enjoy life's activities"); *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037–38 (E.D. Mo. 2002) (holding it was "facially apparent" that amount in controversy requirement satisfied "[g]iven the allegations in the complaint that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries," even though plaintiffs asserted that their total damages did not exceed $75,000).

35.     With the addition of the costs of this action, there can be no question that the amount in controversy exceeds $75,000. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (attorneys' fees available pursuant to statute included

in amount of controversy requirement).

36. In sum, based on Plaintiffs' own allegations, the available information reveals that the amount-in-controversy in this case will exceed the $75,000.00 threshold necessary for diversity jurisdiction pursuant to 28 U.S.C. section 1332(a).

37. Should the Court require further proof of the amount in controversy, Ford requests the ability to conduct jurisdictional discovery by interrogatories or depositions to support that the amount-in-controversy is satisfied pursuant to 28 U.S.C. § 1332.

## IV.   ALL DEFENDANTS CONSENT TO REMOVAL

38. Under 28 U.S.C. section 1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to removal.

39. On March 30, 2026, Plaintiffs filed a proof of service indicating that Co-Defendant Altec Inc. was served on March 20, 2026.

40. On April 2, 2026, Altec Inc. filed its state court answer. Additionally, counsel for Ford and Altec Inc. met and conferred to confirm Altec Inc.'s consent to Ford's removal. *See* Lee Decl. ¶ 9.

41. Therefore, Ford's removal complies with section 1446(b)(2)(A).

## PRAYER FOR REMOVAL

WHEREFORE, Defendant Ford Motor Company prays that this civil action be removed from the Superior Court of the State of California, County of Stanislaus, to the United States District Court for the Eastern District of California.

## DEMAND FOR JURY TRIAL

Defendant Ford Motor Company hereby demands a trial by jury on all issues that may be tried to a jury.

////

////

////

////

NOTICE OF REMOVAL

Dated: April 2, 2026

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _____
Amir M. Nassihi
Jimmy Y. Park
Theodore G. Lee

Attorneys for Defendant
FORD MOTOR COMPANY

NOTICE OF REMOVAL